UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PEDRO ANGULO, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 12-0586 (ABJ) |
| VINCENT C. GRAY, in his official capacity as Mayor of the District of Columbia, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Plaintiffs Pedro Angulo, Eric Shultz, and the Mid-Atlantic Regional Council of Carpenters ("Carpenters") (collectively "plaintiffs") bring this action against Vincent Gray, Mayor of the District of Columbia ("the District" or "D.C."), and Victor Hoskins, Deputy Mayor of the District of Columbia[1] (together "defendants") under 42 U.S.C. § 1983 (2006), ("Section 1983"), seeking declaratory and injunctive relief for alleged violations of their rights under the Davis-Bacon Act, 40 U.S.C. § 3141 *et seq.* (2006) ("the DBA"). *See* Compl. [Dkt. # 1] ¶ 1. Defendants filed a motion to dismiss on the grounds that (1) plaintiffs have no judicially enforceable rights under the DBA because the Department of Labor ("DOL") has not issued a final administrative decision as to whether the DBA even applies to this case, and (2) even if plaintiffs receive a favorable decision from the DOL, they still cannot enforce that decision through Section 1983 because there is no private right of action under the DBA. *See* Defs.' Memorandum of Points and Authorities [Dkt. # 8] ("Defs.' Mem.") at 5, 16. Because the Court

---

1   Since this suit is against defendants in their official capacities, it will be treated as a suit against the District of Columbia. *See, e.g.*, *Brandon v. Holt*, 469 U.S. 464, 471−72 (1985).

1

finds that plaintiffs have no enforceable rights under the DBA while their administrative case is pending before the DOL, it will grant defendants' motion without deciding whether a private right of action exists under the DBA.

## BACKGROUND

In September 2002, then-D.C. Mayor Anthony Williams issued a request for proposals for the redevelopment of the former D.C. convention center site.  Compl. ¶ 8.  The redevelopment project was named CityCenterDC, and included the construction of several office, apartment, and condominium buildings, as well as a large central plaza and park.  Compl. ¶ 10.

On April 25, 2009, before construction of the CityCenterDC project began, the Carpenters asked the Wage and Hour Division of the DOL to rule that the DBA applies to the project.  Compl. ¶ 15.  The DBA requires that construction contracts for "public buildings" or "public works" in excess of $2,000 contain a provision stating the minimum wages to be paid to certain categories of "laborers and mechanics."  Compl. ¶ 13, citing 40 U.S.C. § 3142(a).  These minimum wages are determined by the Secretary of Labor based on prevailing local wage rates and fringe benefits.  40 U.S.C. § 3142(b); 29 C.F.R. § 1.1.  Plaintiffs would be entitled to these minimum wages and the other benefits of the DBA's labor standards if the Wage and Hour Division ruled in their favor.  See Compl. ¶ 22.

On August 30, 2010, the Chief of the Wage and Hour Division's Branch of Government Contracts Enforcement issued a letter concluding that the DBA did not apply to the CityCenterDC project.  Compl. ¶ 16.  Plaintiffs submitted a request for reconsideration to the Wage and Hour Division's Acting Administrator ("Administrator").  Compl. ¶ 17.  In a June 2011 letter – approximately two months after construction on the CityCenterDC began – the

Administrator reversed the Division's earlier decision and concluded that the project qualified as a "public work" subject to the requirements of the DBA.  June 2011 Decision of the Wage and Hour Division (June 17, 2011), Ex. 1 to Compl. at 7–8 ("June 2011 Decision"); Compl. ¶¶ 17, 19.  Accordingly, the Administrator ordered that "all existing, relevant contracts, obligations, and other agreements [related to the CityCenterDC project] . . . be amended, as necessary, in accordance with the DBA."  June 2011 Decision at 8.  The Administrator also decided that the DBA's wage and other requirements would apply prospectively starting with the first pay period week immediately following the June 2011 ruling and not retrospectively starting with the first day of construction on April 4, 2011.  *Id*.  The Administrator noted that the decision constituted "a final ruling" of the Wage and Hour Division under 29 C.F.R. § 5.13 but that "[a]ny interested party may file a petition for review with the [DOL] Administrative Review Board ["ARB"] pursuant to 29 C.F.R. 7.9."  *Id*.

The District of Columbia and CityCenterDC developers appealed the June 2011 decision to the ARB asserting that the CityCenterDC project is not a "public building" or "public work" subject to the requirements of the DBA because it is entirely privately financed, privately constructed, and not designed for use or occupancy by the government.  *See generally* District of Columbia and CityCenterDC Developers' Petitions to the ARB, Exs. 2 and 3 to Defs.' Mot. to Dismiss [Dkt. # 8] (Defs.' Mot.); *see also* Defs.' Mot. at 1.  Plaintiffs also filed an appeal to the ARB challenging the Administrator's determination that the DBA would apply prospectively from the June 2011 decision and not retroactively from the beginning of construction.  Mid-Atlantic Regional Council of Carpenters' Petition to the ARB, Ex. 4 to Defs.' Mot. at 1–2.

While the appeal was pending, plaintiffs petitioned the D.C. Court of Appeals for a writ of mandamus to compel the District and the developers to incorporate the DBA's labor standards

into the relevant contracts as required by the Administrator's June 2011 decision. Compl. ¶ 26. In a per curiam decision, the court denied the writ and stated that while the "petitions for review are pending before the [ARB] . . . further relief, if there be need for any, may be sought before the federal agency or U.S. District Court. . . ." *Mid-Atlantic Reg'l Council of Carpenters v. Gray*, No. 10-OA-32 (D.C. Oct. 17, 2011) (per curiam), Ex. 4 to Compl. According to plaintiffs, the Wage and Hour Division has also "failed and refused" to compel defendants to comply with the June 2011 decision. Compl. ¶ 30; *see also* Pls.' Statement of Points and Authorities in Support of Pls.' Mot. for Summ. J. and in Opp. to Defs.' Mot. to Dismiss [Dkt. # 10] ("Pls.' Opp.") at 9 (stating that DOL regulations do not "include a means of compelling a recalcitrant Federal agency or, as in this case, the District to comply with the Administrator's determination pursuant to section 1.6(f)"). Dissatisfied with their failed attempts to obtain relief elsewhere, plaintiffs filed the present action asking this Court to compel defendants to comply with the Administrator's June 2011 decision. Prayer for Relief. ¶¶ 1–2. Defendants have moved for dismissal of the case. *See generally* Defs.' Mot. Thereafter, plaintiffs moved for summary judgment and filed a single brief in opposition to defendants' motion and in support of their motion. *See generally* Pls.' Opp. The Court has stayed plaintiffs' motion for summary judgment pending the resolution of defendants' motion to dismiss. Minute Order (July 13, 2012). Both parties' appeals of the June 2011 decision are still pending before the ARB. Defs.' Mem. at 9.

**STANDARD OF REVIEW**

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles

underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." 556 U.S. at 678. And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id*., quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed liberally in plaintiff's favor, and the court should grant plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the court accept plaintiff's legal conclusions. *See id.*; *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002).

## ANALYSIS

The question currently before the Court is whether the Administrator's June 2011 ruling gave rise to rights under the DBA that are enforceable under Section 1983. The Court concludes that the ruling cannot be enforced in this manner while the appeal of the Administrator's decision is pending before the ARB. Therefore, the Court will grant defendants' motion to dismiss.

The DBA requires, in pertinent part, that

> every contract in excess of $2,000, to which the . . . District of Columbia is a party, for construction . . . of public buildings and public works . . . and which requires or involves the employment of mechanics or laborers shall contain a provision stating the minimum wages to be paid various classes of laborers and mechanics.

40 U.S.C. § 3142(a). The District has the initial responsibility for determining whether a particular construction project is subject to the DBA. 29 C.F.R. § 1.4. However, the Secretary of Labor is ultimately responsible for administering and interpreting the DBA. *See* Reorganization Plan No. 14 of 1950, 5 U.S.C. App. (2006). This authority, including determining whether the statute applies to a particular project, has been delegated to the Administrator of the Wage and Hour Division of the DOL. 29 C.F.R. § 1.1; *id*. § 5.13. Thus, a party seeking to have the DBA's minimum wage provisions incorporated into a construction contract – in light of an unfavorable decision from the District – must request and obtain a ruling from the Administrator stating that the DBA applies to the particular project. *See* 29 C.F.R. § 5.13 ("All questions relating to the application and interpretation of wage determinations . . . [provided for by the DBA] shall be referred to the Administrator for appropriate ruling or interpretation.").

Any party aggrieved by the Administrator's final decision with respect to the application of the DBA to a specific project may appeal that decision to the Department of Labor

Administrative Review Board ("ARB").  *See* 29 C.F.R. § 7.9(a); *id.* § 7.1(b) and (e) (The ARB "is an essentially appellate agency" with "jurisdiction to hear and decide in its discretion appeals concerning questions of law and fact from final decisions under parts 1, 3, and 5 of this subtitle . . . .").  On appeal, the ARB "may remand under appropriate instructions any case for the taking of additional evidence and the making of new or modified findings by reason of the additional evidence."  *Id.* § 7.1(e).  The ARB "shall act as fully and finally as might the Secretary of Labor concerning" a matter within the scope of its jurisdiction.  *Id.* § 7.1(d).

Plaintiffs seek "declaratory and injunctive relief [under Section 1983] compelling the District as mandated in the Administrator's June 17, 2011 [decision] to incorporate the provision stating the minimum wages to be paid various classes of mechanics and laborers in all 'existing, relevant contracts, obligations and other agreements . . . as necessary in accordance with [DBA §3142(a)].'"  Pls.' Opp. at 14; *see also* Prayer for Relief ¶¶ 1–2.  To state a claim under Section 1983, plaintiffs must first plausibly allege that defendants deprived them of their constitutional or statutory *rights*.  *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Iqbal*, 556 U.S. at 679 ("only a complaint that states a plausible claim for relief survives a motion to dismiss").  In an attempt to meet this standard, plaintiffs assert that the June 2011 decision accorded them the "*right* under the Davis-Bacon Act" to have certain minimum wage provisions incorporated into their construction contracts and that defendants' failure to comply with that decision deprives plaintiffs of that right.  Compl. ¶¶ 34–35 (emphasis added).  This allegation fails on its face because the question of whether the DBA applies to the CityCenterDC project is

still pending before the ARB.  Without a final decision from the ARB, there are no statutory "rights" that this Court can enforce under Section 1983.[2]

Plaintiffs rely heavily on *Hanford Atomic Metal Trades Council, Inc. v. U.S. Dep't of Energy*, No. 99–3402, slip op. at 12 n.4 (D.D.C. June 20, 2001) to support their contention that a decision from the Administrator constitutes a final decision from the DOL.  Pls.' Opp. at 15−17.  In *Hanford*, the court held that a letter from the Administrator was a "final decision" of the DOL where neither party appealed to ARB.  *Hanford*, No. 99–3402 at 5−12.  But here, both parties have appealed the Administrator's decision to the ARB and thus the Administrator's ruling is not a final agency decision.  Moreover, in its June 2011 letter, the Administrator recognized that although its decision was a "final ruling" of the Wage and Hour Division pursuant to 29 C.F.R. § 5.13, it was not necessarily a "final ruling" on whether the DBA applies to the CityCenterDC project, and any party could appeal the decision to the ARB.  *See* June 2011 Decision at 8.[3]

---

[2] The section of the subtitle regarding the resolution of disputes of fact or law concerning payment of prevailing wage rates, overtime pay, or proper classification explicitly states that "[i]f a timely response to the Administrator's findings or ruling is not made or a timely petition for review is not filed, the Administrator's findings and/or ruling shall be final . . . . If a timely response or petition for review is filed, the findings and/or ruling of the Administrator shall be inoperative unless and until the decision is upheld by the . . . Administrative Review Board."  29 C.F.R § 5.11(d).  Although section 5.11 is not directly at issue in this case, it demonstrates that in an analogous situation, the Administrator's decision is not a final DOL decision while an appeal is pending before the ARB.

[3] The Court is mindful of plaintiffs' concern that they are presently suffering irreparable harm and that "[t]he average case pending before the ARB is resolved approximately two years or more after a petition for review is filed."  Pls.' Opp. at 4; Compl. ¶ 32.  But if plaintiffs are concerned that there has been an unreasonable delay in the administrative process, their proper remedy rests under the Administrative Procedure Act, 5 U.S.C. § 706, not under Section 1983.

8

## CONCLUSION

Because the June 2011 decision does not give plaintiffs rights under the Davis-Bacon Act that are enforceable under Section 1983, the Court will grant defendants' motion to dismiss [Dkt. # 8].  A separate order will issue.

/s/ Amy B Jackson
_____
AMY BERMAN JACKSON
United States District Judge

DATE:  December 3, 2012